THE LAW OFFICES OF BRIAN A. VOGEL, PC
BRIAN A. VOGEL, SBN 167493
EMAIL: brian@bvogel.com
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
FAX: (805) 654-0326

CRUZ & McMURRAY, LLP
GREGORY I. McMURRAY, SBN 199492
EMAIL: mcmurray@cruzmcmurray.com
25 E. Anapamu St., 2nd Floor
Santa Barbara, CA 93101
Phone: (805) 965-0752
FAX:   (805) 965-0678

Attorneys for Plaintiff
KEITH MACY

FILED
CLERK, U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
LOS ANGELES
2009 AUG 14  PM 12:34
BY

## UNITED STATED DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH MACY, an individual,<br><br>Plaintiff,<br><br>-vs-<br><br>COUNTY OF SANTA BARBARA, SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT, SANTA BARBARA COUNTY SHERIFF BILL BROWN, AN INDIVIDUAL, SANTA BARBARA COUNTY DEPARTMENT OF ALCOHOL, DRUGS AND MENTAL HEALTH SERVICES, ANNE DETRICK, AN INDIVIDUAL, PRISON HEALTH SERVICES INC., AND DOES 1-10.<br><br>Defendants. | CASE NO. **CV09-05941** JC<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO 42 U.S.C. §1983:**<br>1. 4th and 14th Am. Violation<br>2. 14th Am. Violation<br>3. Monell Claim<br>4. Negligent Training and Supervision<br>5. Negligence<br>6. Medical Malpractice<br>7. Cal. Gov't Code § 844.6<br>8. Failure to Obtain Medical Care (Cal. Gov't Code 845.6)<br>9. Violation of Mandatory Duty (Cal. Gov't § 815.6)<br>10. Civil Rights Violation (Cal. Civ. Code § 52.1)<br>11. Violation of ADA Title II and the Rehabilitation Act<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      This is an action for damages arising out of Defendants' violation of Plaintiff's 4th and 14th Amendment rights to be free from unlawful incarceration and Defendants' deliberate indifference to Plaintiff's serious medical needs. Additional causes of action include violations of the Americans with Disabilities Act and state law claims arising from Defendants' negligence, medical malpractice, and unlawful withholding of medical care from Plaintiff while he was in custody in the Santa Barbara County Main Jail ("SBCMJ"). Plaintiff was detained in the SBCMJ for approximately two weeks and was never brought to court as required by Penal Code section 825. During this time, Plaintiff received grossly inadequate medical and psychiatric treatment which resulted in him suffering significant physical injury and severe emotional distress.

## JURISDICTION AND VENUE

2.      Plaintiff's claims under 42 U.S.C. § 1983 and the U.S. Constitution give rise to "federal question" subject matter jurisdiction in this Court pursuant to 28 U.S.C. § 1331. In addition, this Court has subject matter jurisdiction over the § 1983 claims pursuant to 28 U.S.C. § 1343 ("Civil rights and elective franchise" jurisdiction). Pursuant to 18 U.S.C. § 1367, this Court has supplemental and/or pendant jurisdiction over the remaining claims.

3.      Venue in this action properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391, insofar as (a) the County of Santa Barbara, California is a Defendant in this litigation; (b) the events giving rise to this action took place exclusively in Santa Barbara County; and (c) Santa Barbara County, California is located in this federal judicial district.

/ / /

/ / /

## THE PARTIES

4.      Plaintiff Keith Macy was at all times mentioned herein a resident of Santa Barbara County, California.

5.      At all times material herein, Defendant COUNTY OF SANTA BARBARA, (the "COUNTY") was a public entity authorized by law to establish certain departments responsible for enforcing the laws and protecting the welfare of the citizens and public employees of Santa Barbara County.  At all times mentioned herein, Defendant COUNTY was responsible for overseeing the operation, management, and supervision of the SBCMJ which is managed directly by Defendant Santa Barbara County Sheriff Bill Brown ("SHERIFF BROWN") and Defendant Santa Barbara County Sheriff's Department, ("SHERIFF'S DEPARTMENT").  Defendant COUNTY was ultimately responsible for the management and supervision of the Sheriff's Deputies, Corrections Officers, and contracted entities and employees of SBCMJ, including without limitation, Defendant Ann Detrick, PhD, ("DETRICK"), the Director of Defendant Department of Alcohol, Drugs and Mental Health Services, ("ADMHS"), ADMHS, its doctors and nursing staff and any other mental health care providers utilized by ADMHS to provide mental health treatment for inmates, and further including Defendant Prison Health Services, Inc., ("PHS"),  its doctors and nursing staff and any other health care providers utilized by PHS to provide medical healthcare for inmates.  Defendant COUNTY is liable for the negligent and reckless acts of all of these aforementioned parties, personnel and entities, as described herein.

6.      At all times material herein, Defendant SHERIFF'S DEPARTMENT was a public entity responsible for providing law enforcement and detention services for Defendant COUNTY, including supervising, operating, and managing the SBCMJ.

7.      At all times material herein, ADMHS was a public entity responsible for supervising,

operating, and managing the provision of mental health treatment for inmates incarcerated at the SBMCJ.

8.    At all times material herein, PHS was a Delaware corporation with its principal place of business in Tennessee. PHS was authorized to conduct business and was conducting business in the State of California as a contract medical service provider to Defendants COUNTY and SHERIFF'S DEPARTMENT.

9.    The COUNTY, the SHERIFF'S DEPARTMENT, ADMHS and PHS are collectively referenced herein as the "PUBLIC ENTITY DEFENDANTS."

10.    At all times material herein, the Defendant SHERIFF BROWN was Sheriff of Defendant COUNTY, and was responsible for the policies, customs, and procedures used at the SBCMJ. SHERIFF BROWN was at all times responsible for the hiring, training, supervision, and discipline of the individual Sheriff's Department employee defendants, (currently named as DOE defendants), and was ultimately responsible for policies governing compliance with Penal Code section 825 and for the provision of appropriate mental and medical healthcare for the inmates in custody at the SBCMJ. SHERIFF BROWN violated Plaintiff's rights by failing and refusing, with deliberate indifference to Plaintiff, to intervene to stop the unlawful conduct, and by ratifying the conduct that occurred by agents and officers under his direction and control.

11.    At all times material herein, the Defendant DETRICK was the Director of Defendant Department of Alcohol, Drugs and Mental Health Services, ("ADMHS"),  and was responsible for the policies, customs, and procedures used for the provision of mental healthcare at the SBCMJ. DETRICK was at all times responsible for the hiring, training, supervision, and

discipline of the individual Sheriff's Department employee defendants, (currently named as DOE defendants), and was ultimately responsible for the provision by ADMHS of appropriate mental healthcare for the inmates in custody at the SBCMJ.  DETRICK violated Plaintiff's rights by failing and refusing, with deliberate indifference to Plaintiff, to intervene to stop the unlawful conduct, and by ratifying the conduct that occurred by agents and officers under her direction and control.

12.    At all times material herein, Defendants SHERIFF BROWN, DETRICK and DOES 1-10 are collectively referenced as "INDIVIDUAL DEFENDANTS."

13.    Upon information and belief, Defendants DOES 1-10 were each responsible in some manner for the injuries and damages alleged herein.  The true names and identities of the Defendants DOES 1-10 are presently unknown to Plaintiff.  Upon information and belief, at all relevant times herein, Defendants DOES 1-10 were employees and/or agents of the PUBLIC ENTITY DEFENDANTS, acting at all relevant times within the scope of their employment and/or agency with the PUBLIC ENTITY DEFENDANTS.  Upon information and belief, such employees include, inter alia, guards, officers, supervisors, managers, jail commanders, doctors, nurses, and other health care professionals.  Upon information and belief, Defendants DOES 1-10 acted with reckless disregard and deliberate indifference to Plaintiff, violated Plaintiff's civil rights, wrongfully caused Plaintiff's injuries, and/or encouraged, directed, enabled, and/or ordered other defendants to engage in such conduct.  Defendants DOES 1-10 are being sued in their respective individual and official capacities.  Plaintiff will seek to amend this Complaint after the true names and identities of Defendants DOES 1-10 are ascertained.

14.    In committing the acts and/or omissions alleged herein, all Defendants acted under color of authority and/or under color of law.  Plaintiff sues all public employees named as Defendants

in both their individual and official capacities.

## NOTICE TO PUBLIC ENTITIES FOR STATE TORT CLAIMS

15.    Plaintiff has fully complied with California Government Code §§ 910 *et seq.* by timely filing claims with defendants and timely filing his lawsuit thereafter.

## FACTUAL ALLEGATIONS

16.    On or about August 11, 2008, at approximately 7:57 a.m., while under the color of the law and while on active duty with the Santa Maria Police Department, Officers Dunn and King were dispatched to a call regarding a man yelling and possibly needing mental health treatment per Welfare and Institutions Code § 5150.

17.    Upon information and belief, while the officers were at Mr. Macy's home, they did not call for assistance from trained mental health professionals.  A scuffle ensued between Plaintiff and Officer Dunn.  Plaintiff allegedly punched Officer Dunn during the scuffle and he was pepper sprayed and arrested.

18.    Upon information and belief, after the arrest, the officers were informed by Plaintiff's spouse Maureen that Plaintiff was off of his [psychotropic] medication for his mental illness. She further informed the officers that [when he is off of medications] and he experiences flashbacks to when he was molested as a child, he can become violent.

19.    The officers transported Plaintiff to the Marian Medical Center located at 1400 East Church Street, Santa Maria, CA 93454 for medical clearance before booking.  Plaintiff had a laceration to his left upper arm which may have been sustained prior to the police contacting him and he had also been pepper sprayed during the police contact.

20.    The officers then transported Plaintiff to the SBCMJ, located at 4434 Calle Real in Santa Barbara, CA 93110 where he was booked for violating Penal Code § 69 (Resisting an Executive

Officer).

21.    Plaintiff was subsequently charged on August 13, 2008 by the Santa Barbara County

District Attorney with one misdemeanor violation of Penal Code § 243(b) (Battery on a Police

Officer) and was scheduled to appear for his arraignment on August 14, 2008.

22.    Upon information and belief, Plaintiff was detained in the SBCMJ from August 11,

2008 until August 25, 2008.

23.    Upon information and belief, throughout his incarceration, Plaintiff requested treatment

for Post Traumatic Stress Disorder and high blood pressure. His requests were ignored.

24.    Upon information and belief, Plaintiff tried to drown himself in a toilet while in custody

in the SBCMJ. As a result, he was placed in solitary confinement in a safety cell commonly

referred to as "the rubber room."

25.    Upon information and belief, on August 12, 2008, Plaintiff suffered a laceration to his

forehead that resulted from him banging his head against the wall of the safety cell.

26.    On August 12, 2008, Plaintiff was transported to the Santa Barbara Cottage Hospital

for stitches for the laceration.

27.    On August 13, 2008, Plaintiff was transported back to the SBCMJ.

28.    Upon information and belief, Plaintiff was transported to the Psychiatric Health Facility

("PHF") on August 18, 2008, but he was sent back to the safety cell at SBCMJ because he was

deemed to be "too dangerous" to be treated at the PHF.

29.    On August 23, 2008, Plaintiff was transported back to Cottage Hospital for treatment for

blunt head trauma. He was treated and transported back to the SBCMJ.

30.    Upon information and belief, Defendants DOES 1-10 falsely and repeatedly informed

the Santa Barbara Superior Court and/or Santa Barbara County District Attorney and/or Public

Defender personnel that Plaintiff was in the hospital and unable to attend court proceedings when he was actually in solitary confinement in the SBCMJ.

31.     Plaintiff was never transported to court for any of his four scheduled arraignment dates scheduled on August 14, 15, 18, and 20, 2008.

32.     Upon information and belief, Plaintiff was in the SBCMJ and available to be transported to court for three out of four of his scheduled court appearances. Plaintiff was not available to be transported to court on August 18, 2008 because on that date, he had, in fact, been transported to the PHF for mental health reasons.

33.     Upon information and belief, on August 18, 2008, the Santa Barbara Public Defender entered a not guilty plea on behalf of Mr. Macy in Department 9 of the Santa Maria Division of the Santa Barbara County Superior Court. On August 20, 2008, the case returned to Department 7 of the Santa Maria Division of the Santa Barbara County Superior Court. Plaintiff was still not present, and the court declared a doubt as to Plaintiff's competence to stand trial pursuant to California Penal Code section 1367 and appointed two experts to evaluate Plaintiff for competence to stand trial.

34.     Upon information and belief, on either August 22 or August 23, 2008, Santa Barbara County Deputy Public Defender Patricia Dark ("DPD Dark") discovered that Plaintiff was not, in fact, in the hospital or a psychiatric facility, but in the SBCMJ. DPD Dark spoke with Jerry Quartararo at the SBCMJ who informed her that Plaintiff had been taken to the PHF on Monday, August 18, 2008 but was returned to the jail because he was "too dangerous."

35.     DPD Dark visited her client on August 23, 2008 and spoke to him through a food slot in the door. She could see that he was in a brightly lit, padded cell wearing only a shirt and undershorts and he appeared to have extensive suturing in his forehead. He appeared to be in

8

acute mental distress and was unable to communicate clearly.

36.    DPD Dark was informed that staff at the PHF returned her client to the SBCMJ so that he could be transported to Cottage Hospital for a medical evaluation to rule out any organic reason for his prolonged psychosis. However, as of August 23, 2008, Plaintiff had not been transported to Cottage Hospital.

37.    DPD Dark quickly requested and received an order from the Santa Barbara Superior Court that Plaintiff be transported to court or to an appropriate medical or psychiatric facility for treatment. The Court granted the request.

38.    Upon information and belief, Plaintiff was then transported by ambulance from the SBCMJ to Cottage Hospital for treatment. Plaintiff's head wound had worsened in custody. Macerated tissue had developed around his sutures and he had developed a staph infection. He was also suffering from severe dehydration, high blood pressure, and mental illness.

39.    During the two weeks that Plaintiff spent in the safety cell, he received grossly inadequate psychiatric and medical treatment. He was severely undernourished because he was deprived of proper food and water for more than one week. Upon information and belief, DOES 1-10 knew about Plaintiff's plight and failed to intervene or provide treatment or nourishment.

40.    Upon information and belief, when he was booked, staff at the SBCMJ were notified about the circumstances of Plaintiff's arrest and his mental illness. Furthermore, throughout his detention, Plaintiff complained of, and/or exhibited, symptoms that led, or should have led Defendants to provide Plaintiff with appropriate treatment for his mental and physical conditions.

41.    Defendants, their employees, and their agents caused Plaintiff's injuries by, inter alia: denying Plaintiff access to treatment for all of his medical and psychiatric needs; delaying access to psychiatric treatment; and otherwise breaching their duties and applicable standards of care.

9

42.    At all relevant times herein, SHERIFF BROWN, DETRICK, ADMHS, PHS, and DOES 1-10 were acting within the scope of their employment and/or agency with the PUBLIC ENTITY DEFENDANTS.

43.    Upon information and belief, SHERIFF BROWN, DETRICK, and ADMHS, were, at all times material herein, responsible for providing, managing, and overseeing the provision of mental health treatment at SBCMJ.

44.    Upon information and belief, SHERIFF BROWN, and PHS, were, at all times material herein, responsible for providing, managing, and overseeing the provision of medical care at SBCMJ.

45.    Plaintiff's injuries were proximately caused by SHERIFF BROWN, DETRICK, ADMHS, PHS, and DOES 1-10's negligent, reckless, deliberately indifferent, and intentional acts or omissions in providing, managing, and overseeing the provision of mental health treatment and medical care at SBCMJ.

46.    Upon information and belief SHERIFF BROWN, DETRICK, ADMHS, and PHS, were, at all times material herein, further responsible for hiring, training, retaining, supervising, monitoring, and/or disciplining staff at SBCMJ regarding the treatment for mentally ill, sick or injured detainees at SBCMJ.

47.    Upon information and belief, Plaintiff's injuries were proximately caused by SHERIFF BROWN, DETRICK, ADMHS, and PHS, and DOES 1-10's negligent, reckless, deliberately indifferent, and intentional acts and/or omissions in hiring, training, retaining, supervising, monitoring, and/or disciplining staff at SBCMJ and PHS regarding the treatment of sick and injured SBCMJ detainees.

48.    Upon information and belief, SHERIFF BROWN, DETRICK, ADMHS, and PHS, and

DOES 1-10 were, at all times material herein, further responsible for setting policies and procedures regarding, inter alia: provision of mental health treatment and medical care at SBCMJ; the transfer of detainees from SBCMJ to civilian hospitals and other treatment providers; and transporting detainees to court.

49.    Upon information and belief, SHERIFF BROWN and DOES 1-10 violated Plaintiff's right to be brought before a magistrate within 48 hours of his arrest excluding Sundays and holidays.

50.    Upon information and belief, Plaintiff's injuries were proximately caused by SHERIFF BROWN, DETRICK, ADMHS, and PHS, and DOES 1-10 negligent, reckless, deliberately indifferent, and intentional acts or omissions in setting policies and procedures regarding, inter alia:  provision of medical treatment at SBCMJ; staffing levels at PHS; and/or the transfer of detainees from SBCMJ to civilian medical treatment providers.

51.    Upon information and belief, the Defendant COUNTY failed to provide adequate medical care for Plaintiff.  Defendants COUNTY and SHERIFF'S DEPARTMENT, and their Deputies, Corrections Officers, physicians and nurses, did not heed and respond appropriately to Plaintiff's requests for medical attention, despite his complaints.  All Defendants, including the County's agent Defendant PHS, did not provide Plaintiff adequate, proper, and sufficient care when they became aware of his complaints and condition, and therefore, failed to timely and adequately provide him satisfactory medical care for his medical and psychological conditions.

52.    Plaintiff would not have suffered had the Defendant County and its employees and agents, provided him the necessary, adequate, and timely medical attention and intervention which he required and was entitled to for his medical and psychiatric conditions.

53.    All criminal charges against Plaintiff were dismissed on or about October 7, 2008.

11

## STATEMENT OF DAMAGES

54.     As a result of the acts and/or omissions of Defendants, Plaintiff was deprived of various constitutional and statutory rights and was further hurt and injured in his health, strength, and activity, sustaining injury to his person, all of which injuries cause Plaintiff great mental, physical, and nervous pain and suffering and emotional distress.

55.     The acts and/or omissions of Defendants, as alleged in this complaint, were malicious and/or oppressive, done with a willful and conscious disregard for the constitutional rights and basic welfare and safety of Mr. Macy and subjecting him to cruel and unjust hardship.  Plaintiff therefore prays for an award of punitive and exemplary damages in an amount that will be stated according to proof.

56.     Plaintiff retained counsel to represent him in this matter and is entitled to an award of attorneys' fees and costs pursuant to 42 U.S.C. § 1988 as well as Cal. Civ. Code § 52.

### FIRST CAUSE OF ACTION
(42 U.S.C. §1983 - 4th and 14th Amendment:
Right to be free from unlawful overdetention)
(COUNTY, SHERIFF'S DEPARTMENT, SHERIFF BROWN AND DOES 1-10)

57.     The conduct of each of these defendants violated the right of plaintiff to be secure in his home, person, and effects against unreasonable searches and seizures and not to be falsely imprisoned, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, and entitles plaintiff to recover damages pursuant to 42 U.S.C. §1983.   Plaintiff was not brought to court promptly to be arraigned before a magistrate as required by Penal Code section 825 and he was not lawfully held in custody after more than forty eight hours had elapsed following his arrest.

58.     The conduct of the defendants which violated plaintiff's Fourth and Fourteenth Amendment rights included a conspiracy by one or more of the defendants to violate plaintiff's

Fourth Amendment rights.

## SECOND CAUSE OF ACTION
### (42 U.S.C. §1983 - Fourteenth Amendment:
### Deliberate Indifference to Serious Medical Needs)
### (All Defendants)

59.     The preceding Paragraphs are incorporated by reference as though fully set forth herein.

60.     Because Plaintiff was a pre-trial detainee rather than a sentenced prisoner, this Count arises under the Fourteenth Amendment of the U.S. Constitution.

61.     During his incarceration at SBCMJ, Plaintiff was under the custody and control of the Defendants and was unable to seek medical attention on his own. Defendants knew or should have known that Plaintiff was in serious need of immediate medical attention after he complained of his medical and psychiatric conditions. Defendants were obligated to take all reasonable measures under the circumstances to obtain prompt and/or immediate medical treatment for Plaintiff's conditions yet failed to do so.

62.     Defendants acted with reckless disregard and conscience-shocking indifference to Mr. Macy's serious medical needs, rights and safety by intentionally delaying necessary medical care, despite repeated requests for such care by Plaintiff.

63.     Defendants also acted with reckless disregard and conscience-shocking indifference to Plaintiff's serious medical needs, rights and safety by intentionally denying Plaintiff medical care consistent with the applicable standards of care, despite repeated requests for such care by Plaintiff.

64.     In addition, Defendants acted with reckless disregard and conscience-shocking indifference to Plaintiff's serious medical needs, rights and safety by intentionally managing and overseeing the provision of medical care at SBCMJ in such a way as to cause Plaintiff's injuries as set forth above.

65.     Furthermore, Defendants acted with reckless disregard and conscience-shocking indifference to Plaintiff's serious medical needs, rights and safety by failing to properly screen, train, supervise, and/or discipline its personnel which resulted in Plaintiff's needless suffering as set forth above.

66.     Defendants also acted with reckless disregard and conscience-shocking indifference to Plaintiff's serious medical needs, rights and safety by intentionally setting policies and procedures at SBCMJ in such a way as to cause Plaintiff's injuries as set forth above.

67.     Defendants knew that their actions and/or failures to act placed Plaintiff in substantial risk of serious harm.

68.     Defendants knew that their actions and/or failures to act would cause Plaintiff to suffer extreme and horrific pain and mental anguish for an unreasonable length of time.

69.     In so acting and/or failing to act, Defendants deprived Plaintiff of his clearly established constitutional right to necessary medical care and treatment as a pre-trial detainee under the Fourteenth Amendment.

70.     Plaintiff's injuries were a direct and proximate result of Defendants' intentional, willful and callous disregard of his serious need for necessary medical treatment and caused unnecessary and wanton infliction of pain and physical injury on Plaintiff, resulting in severe pain, discomfort, and a lack of adequate nutrition. These deprivations resulted in the violation of his rights under the Fourteenth Amendment of the United States Constitution.

71.     By authorizing, ratifying, and/or condoning the acts and omissions of their co-Defendants, Defendants COUNTY, SHERIFF'S DEPARTMENT, SHERIFF BROWN, DETRICK, ADMHS, PHS, and DOES 1-10 subjected Plaintiff to unnecessary and wanton infliction of pain and physical injury, thereby violating his rights under the Fourteenth

Amendment of the United States Constitution.

72.    The acts and omissions complained of herein were done pursuant to customs and policies authorized, condoned, ratified and carried out by all Defendants that resulted in delayed or substandard medical care for the purposes of saving money at the risk of Plaintiff's health, and/or for inflicting physical and mental abuse on Plaintiff as retribution and in furtherance of a policy of misuse of power over persons detained in SBCMJ.

73.    The wanton and callous disregard of Plaintiff's obvious and known serious medical needs - including, but not limited to, unreasonable delays in providing treatment; the refusal to transfer and release him to an appropriate medical facility, refusal to provide him proper food and water, and the subsequent abandonment of Plaintiff in a safety cell for approximately twelve days subjected Plaintiff to a deprivation of his rights under the Fourteenth Amendment to the United States Constitution.

### THIRD CAUSE OF ACTION
### Violation of Civil Rights - Monell Claim
### (Public Entity Defendants)

74.    The preceding paragraphs are incorporated by reference as though fully set forth herein.

75.    This Count arises under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the U.S. Constitution, and is alleged against the PUBLIC ENTITY DEFENDANTS.

76.    The PUBLIC ENTITY DEFENDANTS' violations of Plaintiff's Fourth and Fourteenth Amendment rights to be free from unlawful detention as well as their deliberate indifference and reckless disregard to Plaintiff's' medical needs and safety in violation of the Fourteenth Amendment, as set forth herein, were the direct and proximate results of the PUBLIC ENTITY DEFENDANTS' longstanding customs, policies, and practices.

77.    These longstanding customs, policies, and practices constitute the PUBLIC ENTITY

DEFENDANTS' standard operating procedures.

78.    Such policies, customs, and/or practices include, inter alia: an ongoing pattern of failing to bring pre-trial detainees to court in a timely fashion, deliberate indifference and reckless disregard to the health needs and safety of SBCMJ detainees; the failure to maintain adequate health staffing and facilities to provide for health needs and safety, of SBCMJ detainees; the failure to properly train SBCMJ medical professionals; the failure to properly train and/or supervise SBCMJ non-medical staff regarding the treatment of ill detainees; the failure to comply with medical professionals' judgments and/or orders regarding tests and/or procedures for ill detainees; the policy or custom of refusing to transport ill detainees outside SBCMJ for hospital treatment; and the policy or custom of permitting and/or encouraging changes to medical professionals' judgment regarding the treatment of detainees.

79.    The PUBLIC ENTITY DEFENDANTS expressly or tacitly encouraged, ratified, and/or approved of the acts and/or omissions alleged herein, and knew that such conduct was unjustified and would results in violations of Constitutional rights.

80.    As a result of the foregoing, Plaintiff was subjected to terrible pain and suffering that was a direct and proximate result of the PUBLIC ENTITY DEFENDANTS' customs, policies, and/or practices.

**FOURTH CAUSE OF ACTION**
**Negligent Training and Supervision**
**(All Defendants)**

81.    The preceding Paragraphs are incorporated by reference as though fully set forth herein.

82.    This Count is alleged against all defendants including DOES 1-10 (to the extent that they were responsible for the training and supervision of SBCMJ employees and/or agents).

83.    All defendants directly and/or by or through their respective agents and/or employees, had

16

duties to reasonably train and/or supervise SBCMJ employees and/or agents who were responsible for bringing inmates to court, informing courtroom personnel of the reasons for failing to bring an inmate to court, and those who were responsible for the care of persons, including Plaintiff, held in SBCMJ who needed or claimed a need for medical treatment.

84.    All defendants were negligent and breached their duties of care by, inter alia, negligently hiring, training, retaining, supervising, monitoring, and/or disciplining staff at SBCMJ in such a way as to cause Plaintiff's injuries as set forth above.

85.    As a direct and proximate result of the defendants' negligence, Plaintiff suffered severe pain, mental anguish, distress, and serious physical injury.

86.    All actions of the defendants occurred within the course of their duty and the scope of their employment and/or agency as employees of the PUBLIC ENTITY DEFENDANTS.

### FIFTH CAUSE OF ACTION
### Negligence
### (All Defendants)

87.    The preceding Paragraphs are incorporated by reference as though fully set forth herein.

88.    All Defendants directly and/or by or through their respective agents and/or employees, had duties to promptly bring Plaintiff to court for his arraignment in compliance with state law and to immediately obtain reasonable medical and mental health treatment for persons, including Plaintiff, held in SBCMJ who needed or claimed a need for medical treatment.

89.    As set forth more fully herein; all Defendants were negligent and breached their duties of care to Plaintiff while he was in their custody.

90.    All Defendants' were negligent and breached their duties of care by, inter alia: 1) failing to promptly bring Plaintiff to court for his arraignment in violation of Penal Code section 825; 2) failing promptly provide or obtain reasonable medical or mental health treatment for

17

Plaintiff while he was in their custody at SBCMJ; and 3) failing to comply with all applicable

laws, statutes, regulations, and standards with regard to their treatment and actions towards

Plaintiff while he was in their custody at SBCMJ.

91.     As a direct and proximate result of the Defendants' negligence, Plaintiff suffered

severe pain, mental anguish, distress, and serious physical injury.

92.     All actions of all Defendants as alleged herein, including Defendants' negligence,

occurred within the course of their duty and the scope of their employment and/or agency as

employees of the PUBLIC ENTITY DEFENDANTS.

**SIXTH CAUSE OF ACTION**
**Medical Malpractice**
**(Public Entity Defendants and DOES 1-10)**

93.     The preceding Paragraphs are incorporated by reference as though fully set forth herein.

94.     Defendants DOES 1-10 (to the extent that they were, at the relevant times, health care

professionals), and the PUBLIC ENTITY DEFENDANTS, directly and/or by or through their

respective agents and/or employees, had duties to use such skill, prudence, and diligence as other

members of their profession commonly possess and exercise in their medical treatment of Mr.

Macy while he was in their custody.

95.     Defendants breached their duty of care, were negligent, and their conduct fell below a

reasonable standard of care in their medical care and treatment of Plaintiff.  Defendants'

breaches include, but are not limited to, unreasonable delays or denials of necessary care and

treatment, failure to transfer Plaintiff to an appropriate medical facility, failure to take Plaintiff's

condition sufficiently seriously, and outright neglect of his medical and personal needs.

96.     It was foreseeable that as a result of such conduct, Plaintiff would suffer harm. As a

direct and proximate result of such conduct, Plaintiff suffered severe physical injury, pain,

mental anguish, and emotional distress.

97.    All actions of the PUBLIC ENTITY DEFENDANTS and DOES 1-10 as alleged herein, including PUBLIC ENTITY DEFENDANTS' and DOES 1-10's medical malpractice, occurred within the course of their duty and the scope of their employment and/or agency as employees of the PUBLIC ENTITY DEFENDANTS.

## SEVENTH CAUSE OF ACTION
### (Negligence - California Government Code § 844.6(d))
### (Defendant SHERIFF BROWN, DETRICK, ADMHS, PHS and DOES 1-10)

98.    The preceding Paragraphs are incorporated by reference as though fully set forth herein.

99.    Defendants SHERIFF BROWN, DETRICK, ADMHS, PHS, and DOES 1-10 owed Mr. Macy, as a detainee in Defendants' custody, care and control, a duty of due care to protect his health and physical safety.

100.    Defendants were negligent and their conduct fell below a reasonable standard of care when they failed to discharge their duties as custodians and/or health care providers to Plaintiff. It was foreseeable that as a result of Defendants' acts and omissions, as described above, Plaintiff would suffer physical and mental ailments and pain and suffering without proper treatment.

## EIGHTH CAUSE OF ACTION
### (Failure to Summon Medical Care for Inmate -Cal. Government Code § 845.6)
### (Defendants COUNTY, SHERIFF'S DEPARTMENT,
### SHERIFF BROWN, DETRICK, ADMHS, PHS and DOES 1-10)

101.    The preceding Paragraphs are incorporated by reference as though fully set forth herein.

102.    Defendants had a mandatory duty under California Government Code § 845.6 to summon medical care for inmates whom they knew, or had reason to know, required immediate medical care.

103.    Defendants failed to discharge their duty imposed by California Government Code §

19

845.6.

104.    As a direct and proximate result of Defendants' acts and/or omissions, herein above described, Plaintiff suffered severe physical injury and trauma, resulting in severe pain and suffering, and emotional distress.

105.    Defendants COUNTY, SHERIFF'S DEPARTMENT, SHERIFF BROWN, DETRICK, ADMHS, PHS, and DOES 1-10, are liable for their employees' breach of their duty to summon required immediate medical care while acting in the course and scope of their employment under the doctrine of respondeat superior.

### NINTH CAUSE OF ACTION
**(Failure to Discharge Mandatory Duty - California Government Code § 815.6)**
**(Defendants COUNTY, SHERIFF'S DEPARTMENT)**

106.    The preceding Paragraphs are incorporated by reference as though fully set forth herein.

107.    California Government Code § 815.6 makes a public entity liable for its failure to discharge a mandatory duty imposed by an enactment designed to protect against the risk of a particular kind of injury.

108.    California Government Code § 845.6 imposes such a mandatory duty. The purpose of § 815.6 is, in part, to ensure the safety and health of inmates and to provide inmates with medical care when the need for medical care becomes apparent.

109.    Defendants breached the mandatory duty owed to Plaintiff pursuant to California Government Code § 845.6. As set forth herein, Defendants' breach of said duty caused the type of harm to Plaintiff that the enactment was designed to prevent.

110.    Furthermore, Defendants had a duty to provide reasonable and adequate medical services to inmates within their care and custody. Upon information and belief, despite actual or constructive knowledge of the inadequacy of its health services, including numerous avoidable

injuries and inmate deaths, Defendants retained PHS as the SBCMJ's medical provider and failed to sufficiently staff and equip its medical facilities. Moreover, Defendants enacted, enforced, and/or ratified a custom, practice, or policy of declining to refer inmates for outside medical care in all but the most extreme circumstances.

111.    Defendants' failure to provide both sufficient health services inside SBCMJ and necessary outside care was for the purposes of saving money at the risk of inmates' health, and/or for inflicting physical and mental abuse on inmates as retribution in furtherance of a policy of misuse of power over persons detained in Santa Barbara County.

### TENTH CAUSE OF ACTION
(Cal. Civ. Code § 52.1- Unruh Civil Rights Act)
(Defendants COUNTY, SHERIFF'S DEPARTMENT, SHERIFF BROWN, PHS, and DOES 1-10)

112.    The preceding Paragraphs are incorporated by reference as though fully set forth herein.

113.    As alleged above, the conduct of the Defendants violated Plaintiff's right to be secure in his person and effects, against unreasonable searches and seizures, and to due process of law, as guaranteed by the Constitution and laws of the State of California, including Article I, § 1, 13 of the California Constitution, and the Fourth and Fifth Amendments of the United States Constitution.

114.    As a direct and proximate cause of the aforementioned actions of the Defendants, Mr. Macy was injured as set forth above.  Plaintiff is therefore entitled to damages against the PUBLIC ENTITY DEFENDANTS under Cal. Civ. Code §52.1.

115.    As a result, Plaintiff prays for all damages allowable under Cal. Civ. Code § 52.1 (incorporating by reference Cal. Civ. Code § 52), including but not limited to actual damages, exemplary damages, civil penalties, and attorney's fees.

ELEVENTH CAUSE OF ACTION
Violations of ADA Title II, and the Rehabilitation Act)
(PUBLIC ENTITY DEFENDANTS)

116.    The preceding Paragraphs are incorporated by reference as though fully set forth herein.

117.    Plaintiff was a "qualified individual as defined under the ADA, 42 U.S.C. § 12131(2), under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, 28 C.F.R. §540(1)(2), 28 C.F.R. §42.540 (k), and Cal. Gov't Code §12926.1, and qualified as an individual with a mental and physical disability under California law, and he met the essential eligibility requirements of the PUBLIC ENTITY DEFENDANTS' programs to provide access to mental health treatment and medical health care services for its detainee/inmates patients in the SBCMJ while in custody.

118.    The SBCMJ is a place of public accommodation and covered entities for purposes of enforcement of the ADA, 42 U.S.C. §12181 (7)(F), the Rehabilitation Act, 29 U.S.C. § 794, 51 Cal. Civil Code and 12926 of Cal. Govt. Code, as explicated by the regulations promulgated under each of these laws.

119.    The PUBLIC ENTITY DEFENDANTS were "engaged in the business of ... health care," custody for persons whose "operations" fall within the definition of "program or activity" covered by the Rehabilitation Act, 29 U.S.C. Section 749(b).

120.    The PUBLIC ENTITY DEFENDANTS are mandated to "develop an effective, integrated, comprehensive system for the delivery of all services to persons with mental disabilities..." and to ensure "that the personal and civil rights" of persons who are receiving services under their aegis are protected.

121.    Congress enacted the ADA upon a finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. § 12101 (a)(2).

122.    PUBLIC ENTITY DEFENDANTS are mandated under the ADA not to "discriminate against [any individual] on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182 (a).

123.    42 U.S.C. § 12182(b)(1)(A)(3) provides in pertinent part that "it shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual licensing, or other arrangements, with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to others."

124.    The PUBLIC ENTITY DEFENDANTS violated the ADA and the Rehabilitation Act, and deprived Plaintiff of his federally and state protected rights by: (a) creating and maintaining a jail without sufficient staffing levels to provide responsible subacute care and supervision to ensure that medically disabled prisoners do not suffer without being able to summon medical treatment, (b) failing to properly train its custody personnel for the classification, housing and placement of inmates-patients who are physically or mentally disabled as a result of a medical or mental health condition so that injury or death will not be caused failing to provide competent health care to mentally disabled detainees/inmates, and (c) failing to provide reasonable accommodations to people with medical disabilities at their clinics, and providing instead quality of care and service that is different, separate, and worse than the service provided to other individuals.

125.    The INDIVIDUAL DEFENDANTS acted recklessly and/or were deliberately indifferent to Plaintiff's federally protected rights.

126.    Plaintiff was denied the benefits of the services, programs, and activities of the PUBLIC ENTITY DEFENDANTS' mental health treatment and medical health care, follow-up

23

1  and supervision.

2  127.    As a direct and proximate result of the acts and misconduct of the Public Entity

3  Defendants complained of herein, Plaintiff suffered severe pain, mental anguish, distress, and

4

5  serious physical injury.

6  **PRAYER FOR RELIEF**

7  WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THE FOLLOWING RELIEF:

8  1. Compensatory, general and special damages against each Defendant, jointly and severally,

9  according to proof;

10

11  2. Exemplary and punitive damages against the appropriate defendants;

12  3. Reimbursement for other losses in an amount according to proof;

13  4. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and Cal. Civil Code §52 and

14  52.1; and as otherwise authorized by statute or law; and

15  5. Such other relief as the Court deems proper.

16

17  Dated: August 13, 2009

18

19  _____

20  BRIAN A. VOGEL
   Attorney for the Plaintiff
   Keith Macy

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH MACY, an individual | CASE NUMBER |
| PLAINTIFF(S) v. | **CV09-05941 JC** |
| COUNTY OF SANTA BARBARA, SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT, SANTA BARBARA COUNTY SHERIFF BILL BROWN, AN INDIVIDUAL, SANTA BARBARA COUNTY DEPARTMENT OF ALCOHOL, DRUGS, AND MENTAL HEALTH SERVICES, ANNE DETRICK, AN INDIVIDUAL, PRISON HEALTH SERVICES INC., AND DOES 1-10.   DEFENDANT(S). | **SUMMONS** |

TO:    DEFENDANT(S): COUNTY OF SANTA BARBARA, SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT, SANTA BARBARA COUNTY SHERIFF BILL BROWN, AN INDIVIDUAL, SANTA BARBARA COUNTY DEPARTMENT OF ALCOHOL, DRUGS AND MENTAL HEALTH SERVICES, ANNE DETRICK, AN INDIVIDUAL, PRISON HEALTH SERVICES INC., AND DOES 1-10.

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Brian A. Vogel_____, whose address is _770 County Square Drive, Ste. 104, Ventura, CA 93003_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __AUG 14 2009__

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                    SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS COUNTY OF SANTA BARBARA, SANTA BARBARA |
|---|---|
| KEITH MACY, an individual | COUNTY SHERIFF'S DEPARTMENT, SANTA BARBARA COUNTY SHERIFF BILL BROWN, AN INDIVIDUAL, SANTA BARBARA COUNTY DEPARTMENT OF ALCOHOL, DRUGS AND MENTAL HEALTH SERVICES, ANNE DETRICK, AN INDIVIDUAL, PRISON HEALTH SERVICES INC., AND DOES 1-10. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) The Law Offices of Brian A. Vogel, PC | Attorneys (If Known) |
|---|---|
| Brian A. Vogel, 770 County Square Drive, #104, Ventura, CA 93003 (805)654-0400 | |
| Cruz & McMurray, LLP, Gregory I. McMurray | |
| 25 E. Anapamu Street, 2nd Floor, Santa Barbara, CA 93101 (805)965-0752 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:**   JURY DEMAND: ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☐ Yes ☑ No    ☑ MONEY DEMANDED IN COMPLAINT: $ According to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. 1983– Violation of Civil Rights, Medical Malpractice

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/ PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:    Case Number:    **CV09-05941**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)          CIVIL COVER SHEET          Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑No  ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☑No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
                             ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
                             ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
                             ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE:  (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
     ☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
     ☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Barbara | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  *Brian Vogel*    Date  8/12/2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |