THE LAW OFFICES OF BRIAN A. VOGEL, PC
BRIAN A. VOGEL, SBN 167493
EMAIL: brian@bvogel.com
770 County Square Dr., Ste. 104
Ventura, CA 93003
Phone: (805) 654-0400
FAX: (805) 654-0326

CRUZ & McMURRAY, LLP
GREGORY I. McMURRAY, SBN 199492
EMAIL: mcmurray@cruzmcmurray.com
1035 Santa Barbara Street
Santa Barbara, CA 93101
Phone: (805) 965-0752
FAX:   (805) 965-0678
Attorneys for Plaintiff
KEITH MACY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH MACY, an individual,<br><br>Plaintiff,<br><br>-vs-<br><br>COUNTY OF SANTA BARBARA, SANTA BARBARA COUNTY SHERIFF'S DEPARTMENT, SANTA BARBARA COUNTY SHERIFF BILL BROWN, AN INDIVIDUAL, SANTA BARBARA COUNTY DEPARTMENT OF ALCOHOL, DRUGS AND MENTAL HEALTH SERVICES, ANNE DETRICK, AN INDIVIDUAL, PRISON HEALTH SERVICES INC., AND DOES 1-10.<br><br>Defendants. | CASE NO. CV 09-05941 CAS (JEMx)<br><br>**JOINT RULE 26(f) REPORT FOR RULE 16(b) SCHEDULING CONFERENCE**<br><br>Date: June 14, 2010<br>Time: 11:00 a.m.<br>Courtroom: 5 (300 South Spring St.)<br><br>Action Filed: 08/14/2009<br>Trial Date: None Assigned<br>Judge: Christina A. Snyder |

This joint report is submitted in accordance with FRCP 16(b)(1) through (6), FRCP 16(c) and the Court's standing order on behalf of the Plaintiff Keith Macy, by his counsel Brian A. Vogel and Gregory I. McMurray; Defendants County of Santa Barbara, Santa Barbara Sheriff's Department, Sheriff Bill Brown, Santa Barbara Department of Alcohol, Drugs and Mental Health Services, and Anne Detrick, ("County Defendants"), by Heidi C. Thorson of the Santa Barbara County Counsel's Office; and Prison Health Services, Inc, by their counsel Matthew Grigg of The Law Offices of Nancy E. Hutchins. The parties conferred on May 24, 2010 and hereby submit the following report of the planning meeting:

**(A) STATEMENT OF THE CASE**: This case arises out of the detention of Plaintiff in the Santa Barbara County Main Jail ("SBCMJ") following his booking for a violation of Penal Code § 69 (Resisting an Executive Officer). Plaintiff has asserted causes pursuant to 42 U.S.C. § 1983, Cal. Civil Code § 52.1, and theories of negligence and medical malpractice, alleging, in essence, that he was unlawfully detained, denied medical and mental health care, and not promptly brought to court for his arraignment. Plaintiff further alleges the existence of *Monell* municipal liability on the ground that there exists a custom, practice or policy of deliberately and indifferently causing violations of citizens' civil rights through an ongoing pattern of deliberate indifference and reckless disregard to the health needs and safety of SBCMJ detainees and failing to bring pre-trial detainees to court in a timely fashion.

///

## (1) PLAINTIFF'S CONTENTIONS

Plaintiff alleges that on August 11, 2008, at approximately 7:57 a.m., Santa Maria Police Dept. Officers Dunn and King were dispatched to a call regarding a man yelling and possibly needing mental health treatment per Welfare and Institutions Code § 5150.

The officers arrived at the home of Plaintiff and a scuffle ensued between Plaintiff and Officer Dunn. Plaintiff allegedly punched Officer Dunn, and Plaintiff was then pepper-sprayed and arrested. After the arrest, the officers were informed by Plaintiff's spouse, Maureen Macy, that Plaintiff was off of his medication for his mental illness.

The officers transported Plaintiff to the Marian Medical Center in Santa Maria for medical clearance and then brought him to SBCMJ, where he was booked for violating Penal Code § 69 (Resisting an Executive Officer). Plaintiff was detained in the SBCMJ from August 11, 2008 to August 25, 2008.

Plaintiff was charged on August 13, 2008 by the Santa Barbara County District Attorney with one misdemeanor violation of Penal Code § 243(b) (Battery on a Police Officer) and scheduled for arraignment on August 14, 2008.

Shortly after he was booked on August 11, 2008, plaintiff was placed in solitary confinement where he suffered a forehead laceration that resulted from him banging his head into a floor grate. On August 12, Plaintiff was transported to the Santa Barbara Cottage Hospital for stitches. He was returned to the SBCMJ on August 13.

Defendants failed to transport Plaintiff to court for his four scheduled arraignment dates on August 14, 15, 18, and 20, 2008. Defendants DOES 1-10 repeatedly claimed

that Plaintiff was in the hospital. However, aside from his short visit to the emergency room on August 12-13, he was only in the Psychiatric Health Facility ("PHF") for a brief period on August 18, 2008 but was released to the custody of the Defendants, returned to the SBCMJ and kept in a "safety cell" because he was deemed "too dangerous."

On either August 22 or August 23, 2008, Santa Barbara County Deputy Public Defender Patricia Dark ("DPD Dark") discovered that Plaintiff was not, in fact, in the hospital or a psychiatric facility. DPD Dark quickly requested an order from the Santa Barbara Superior Court requiring plaintiff be produced in court, or if plaintiff could not be transported for medical or psychiatric reasons, that he be immediately transported to an appropriate psychiatric facility for treatment. On August 25, 2008, Plaintiff was transported to Cottage Hospital and treated for staph infection on his head wound, severe dehydration, high blood pressure and his underlying mental illness.

All criminal charges against Plaintiff were dismissed on October 7, 2008.

### (2) DEFENDANTS' CONTENTIONS

Santa Barbara County Defendants assert that the Plaintiff received adequate medical and mental health care while in custody. Any injuries suffered by Plaintiff during his detention were a result of his own actions. During his detention, Plaintiff demonstrated violent behaviors, was agitated, confused and posed a safety risk to himself and staff. Plaintiff was examined and treated by Medical and Mental Health staff on a daily and regular basis and was transported to Cottage Hospital several times for treatment. The County Defendants further contend that the Plaintiff was not deprived of

his constitutional rights pursuant to any governmental custom or practice. As detailed in their Answer herein, County Defendants are entitled to qualified immunity as the acts complained of occurred within the course and scope of official capacity and discretion and pursuant to a good faith adherence to laws, regulations, rules and practices reasonably believed to be in accordance with the Constitution and the laws of the United States.

**(B) SUBJECT MATTER JURISDICTION**: Subject Matter Jurisdiction for this action is conferred upon this Court pursuant to 28 U.S.C. §§1331 (federal question) and 1343(3) (civil rights) as the cause of action arises under 42 U.S.C. §1983.

**(C) LEGAL ISSUES**: The legal issues involved in this litigation include: the existence or absence of the constitutional violations pled by plaintiff including the *Monell* claim; qualified immunity for individual defendant(s); and the extent of the damages, attorneys' fees and costs.

**(D) PARTIES, EVIDENCE AND LIKELIHOOD OF ADDITIONAL PARTIES OR AMENDED PLEADINGS**: The parties are Plaintiff, Keith Macy, and the Defendants, County of Santa Barbara, Santa Barbara County Sheriff's Department, Sheriff Bill Brown, Santa Barbara County Department of Alcohol, Drugs, and Mental Health Services, Anne Detrick, Prison Health Services, Inc., and DOES 1 - 10.

The witnesses presently known are Plaintiff, Maureen Macy, Santa Maria Police Dept. Officers Dunn and King, Santa Barbara County Deputy Public Defender Patricia Dark, numerous medical and mental health personnel who had contact with Mr. Macy at the Marian Medical Center in Santa Maria, the Psychiatric Health Facility and Cottage

Hospital in Santa Barbara, and the SBCMJ, and various booking, transportation and court liaison personnel employed at the SBCMJ.

**(E) DAMAGES**: Plaintiff suffered both physical and emotional injuries in the incident and his damages consist of the medical and mental health treatment bills, emotional distress, and damage to his reputation. The realistic range of provable compensatory damages is between $5,000 and $100,000. Plaintiff also seeks punitive damages.

**(F) INSURANCE**:

The County of Santa Barbara is a self insured entity up to $500,000 with excess coverage policies beyond that amount.

**(G) MOTIONS**: Plaintiff does not currently contemplate any pre-trial motion filings other than motions in limine.

Defendants may seek summary judgment for PHS, Sheriff Brown and the County after sufficient time for discovery has elapsed.

**(H) MANUAL FOR COMPLEX LITIGATION**: None of the procedures from the Manual of Complex Litigation should be utilized.

**(I) DISCOVERY**: Discovery has not yet been conducted as of this writing. The parties anticipate making of their early disclosures within the 14 days permitted by FRC 26(a)(1)(c).

**(J) DISCOVERY PLAN**: The parties have agreed to engage in written discovery. The written discovery will likely consist of interrogatories, requests for admission and

requests for identification and production of documents. Upon completion of written discovery and review of documents and any subpoenaed records, the parties will proceed with depositions of the parties. It is anticipated that depositions will commence in early August of 2010 and will be completed by January 2011. No changes in the Rule 26(a) disclosure should be made. It will not be necessary to conduct discovery in phases or to otherwise limit discovery, with the exception of plaintiff's contemplated effort to obtain any police officer personnel files. The court need not enter any other orders in this regard.

**(K) DISCOVERY DEADLINE:** The parties contemplate completion of all non-expert discovery before February 15, 2011.

**(L) EXPERT DISCOVERY DEADLINE:** The parties respectfully propose an initial Rule 26 expert witness deadline of February 15, 2011 and Rule 26 Supplemental and/or rebuttal expert witness report deadline of March 15, 2011.

**(M) DISPOSITIVE MOTIONS:** Defendants acknowledge the potential for a summary judgment motion on the issue of qualified immunity. Defendants also contemplate the potential for a summary judgment motion on the *Monell* issue after sufficient time for discovery has elapsed. The parties propose a motion cut-off date, dispositive and otherwise, of June 15, 2011.

**(N) IN LIMINE MOTIONS:** Plaintiff anticipates motions in limine to limit expert testimony and to exclude prejudicial, irrelevant, or otherwise inadmissible evidence.

In addition, the Defendants anticipate a motion in limine as follows to bifurcate the *Monell* issue into its own, separate phase, under the Ninth Circuit decision in *Quintanilla v. City of Downey* 84 F.3d 353 (9th Cir. 1996).

**(O) SETTLEMENT DISCUSSIONS AND SELECTION OF SETTLEMENT PROCEDURE:** Counsel conducted a preliminary exploration of settlement potential including an estimated range of damages.

In accordance with Central District Local Rule 16-15.4, and this court's order, the parties select Settlement Procedure No. 3: The parties shall participate in a non-judicial dispute resolution proceeding. The parties have not yet stipulated to a mutually agreeable arbitrator but expect to complete the selection process prior to the June 14, 2010 Scheduling Conference in this matter.

**(P) TRIAL ESTIMATE, PRE-TRIAL CONFERENCE AND TRIAL DATES:** The parties contemplate a five day jury trial. The parties request a Final Pre-Trial Conference on August 15, 2011, and a jury trial date of August 30, 2011.

**(Q) TRIAL COUNSEL:** Plaintiff Keith Macy will be represented at trial by his counsel of record Brian A. Vogel and Gregory I. McMurray.

County Defendants will be represented at trial by the Santa Barbara County Counsel's Office and Defendant PHS will be represented at trial by Matthew Grigg of The Law Offices of Nancy E. Hutchins

**(R) INDEPENDENT EXPERT OR MASTER:** The appointment of an independent expert or master is currently unnecessary in this litigation.

**(S) OTHER ISSUES AFFECTING THE STATUS OR MANAGEMENT OF CASE:** The parties do not currently contemplate any major procedural or evidentiary problems.

Dated: June 1, 2010.                           LAW OFFICES OF BRIAN A. VOGEL, PC


___/s/_____
By BRIAN A. VOGEL
Attorney for Plaintiff, KEITH MACY


Dated: June 1, 2010.                           DENNIS MARSHALL
                                               COUNTY COUNSEL

___/s/_____
By: HEIDI THORSON
Deputy County Counsel
Attorneys for Defendants County of Santa Barbara, Santa Barbara County Sheriff's Dept., Santa barbara County Sheriff Bill Brown, Santa Barbara County Dept. Of Alcohol, Drug & Mental Health Services, and Ann Detrick


Dated: June 1, 2010.                           LAW OFFICES OF NANCY E. HUDGINS


___/s/_____
By: MATTHEW GRIGG
Attorneys for Defendant Prison Health Services, Inc.
Attorneys for Defendants